IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES G. MALLETT,

          Plaintiff,                   CV F 07 0721 LJO WMW PC

          vs.                     ORDER DISMISSING COMPLAINT
                                          WITH LEAVE TO
                                          FILE AN AMENDED COMPLAINT

                                          (THIRTY DAY DEADLINE)

WILLIAM McGUINNESS, et al.,

          Defendants.

      Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant Correctional Officials employed by the CDCR at Corcoran State Prison.

      Plaintiff's  claims in this complaint is that he was subjected to inadequate medical care. Specifically, Plaintiff alleges medical staff delayed his surgery by several months by their delay in signing a form.

      To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  <u>Paratt v.Taylor</u>, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'"  <u>Id</u>.  (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97. 104 (1976)).  <u>Lopez</u> takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  <u>See</u> <u>Id</u>.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  <u>Id</u>. at 1132.

Here, Plaintiff makes allegations as to medical staff in general, but fails to charge each individual defendant with specific conduct that constitutes deliberate indifference.  In order to

2

1   state a claim, Plaintiff must allege facts indicating that each defendant knew of and disregarded a

2   serious risk to Plaintiff's health or safety, resulting in injury to Plaintiff.   Plaintiff has failed to so

3   here.

4        The court finds the allegations in plaintiff's complaint vague and conclusory.   The court

5   has determined that the complaint does not contain a short and plain statement as required by

6   Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

7   must give fair notice and state the elements of the claim plainly and succinctly.   Jones v.

8   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

9   least some degree of particularity overt acts which defendants engaged in that support plaintiff's

10  claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

11  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

12  amended complaint.

13       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.   See

15  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

16  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

17  there is some affirmative link or connection between a defendant's actions and the claimed

18  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

19  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

21  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

22  complaint be complete in itself without reference to any prior pleading.  This is because, as a

23  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

24  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

25  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

26

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    April 17, 2008**                                **/s/  William M. Wunderlich**
                                                          UNITED STATES MAGISTRATE JUDGE

4