# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ERIC MALLETT, | CASE NO. 1:07-cv-00721-LJO-GBC PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| J. MCGUINNESS, et al., | (Doc. 21) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.   Procedural History**

Plaintiff James Eric Mallett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on May 16, 2007. (Doc. 1.) An order dismissing the complaint with leave to amend was issued on April 17, 2008. (Doc. 10.) After Plaintiff failed to file an amended complaint in compliance with the prior order, findings and recommendations recommending dismissing the action were issued on May 20, 2008. (Doc. 11.) Plaintiff filed a motion for an extension of time on May 30, 2008, which was granted on June 5, 2008. (Docs. 12, 13.) A first amended complaint was filed on June 30, 2008. (Doc. 14.) On July 7, 2008, an order vacating the findings and recommendations to dismiss the case was issued. (Doc. 15.) On February 23, 2010, an order dismissing the first amended complaint for failure to state a claim with leave to amend was issued. (Doc. 20.) A second amended complaint, filed on March 26, 2010, is currently before the Court. (Doc. 21.)

For the reasons set forth below, the Court finds that a cognizable claim has been stated

against Defendant Guinness, but finds no other cognizable claims.

## II.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S. Ct. at 1949-50; Moss, 572 F.3d at 969.

## III.    Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Salinas Valley State Prison in Soledad, California. The incidents alleged in the complaint occurred while he was housed at California State Prison in Corcoran, California. On February 23, 2006, Plaintiff injured his knee while he was exercising and experienced pain, swelling, and popping. Plaintiff was told to put in a sick call slip. On February 27, 2006, Plaintiff was seen by Defendant Johnson who gave him Tylenol and told Plaintiff he would be seen by the doctor on

March 20, 2006.  However, Plaintiff did not see a doctor until two months later.  Plaintiff did not receive an x-ray of his knee until May 10, 2006.  (Doc. 21, § IV.)

Defendant Bondoc, Plaintiff's primary treating physician, did not sign paperwork until ordered to by Sacramento,[1] delaying Plaintiff's treatment by six months.  (Id. at 4:3-11.)  Defendant Bondoc prescribed a knee brace for Plaintiff.[2]  (Id. at 4:18-19.)  Defendant McGuinness, Chief Medical Officer, denied the knee brace claiming there was no supporting data, even though the medical records showed Plaintiff was in need of a hinged knee brace.  (Id. at 4:16-22.)  The denial of the brace caused Plaintiff to suffer sever pain and further damage to his knee.  (Id. at 4:16-18.)

At the time these incidents occurred, Plaintiff was housed in the Security Housing Unit ("SHU").  Plaintiff was denied a knee brace because Defendant claimed a safety and security issue, but other inmates were given metal braces, canes, walkers, etc.  (Id. at 5:7-12.)

Plaintiff alleges that Defendants Johnson, Bondoc, and McGuinness violated his Eighth Amendment rights due to deliberate indifference to his medical needs and his equal protection rights under the Fourteenth Amendment.   He is seeking monetary damages.  (Id., § V.)

## IV.  Discussion

### A.  Eighth Amendment Medical Care

[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991),

---

[1] Plaintiff appears to be referring to the order in the director's level appeal which stated "[t]he issue of the appellant receiving an upgraded knee brace needs to be addressed and a decision reached on it's availability.  The appellant is a [SHU] inmate and the need for institutional security needs to be taken into consideration in the decision reached." (Doc. 1 at 9.)

[2] A brace was prescribed for Plaintiff on May 10, 2006.  (Doc. 1, p. 29.)  Plaintiff was issued a neoprene brace due to Plaintiff being confined in the SHU.  (Id. at 32.)

overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

A difference of opinion between a prisoner and prison medical authorities as to proper treatment does not give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).

### 1. **Defendant Johnson**

Plaintiff fails to allege any act or failure to act by Defendant Johnson that states a cognizable claim of deliberate indifference to his medical needs. According to the complaint, Defendant Johnson saw Plaintiff four days after Plaintiff was injured, provided medication for pain, and arranged a followup appointment with the doctor. Plaintiff has not set forth any causal connection between Defendant Johnson and any alleged denial of medical treatment.

Plaintiff was previously given notice of the deficiencies in his claim and the applicable legal standard, but was unable to amend to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The Court recommends dismissal of the claim with prejudice. Id.

### 2. **Defendant Bondoc**

Plaintiff fails to allege any casual connection between Defendant Bondoc and any denial of medical care. Defendant Bondoc ordered a knee brace and an x-ray of Plaintiff's knee. While Plaintiff states that he did not see Defendant Bondoc until two months after the injury, there is no allegation that Defendant Bondoc was aware of a need for or involved in any delay in treatment. Additionally, documentation provided by Plaintiff with his original complaint shows that he was seen and evaluated by medical personnel on February 27, March 8 and 30, April 3, and May 4, 2006. (Doc. 1 at 19-28.) Plaintiff has failed to state a cognizable claim against Defendant Bondoc for deliberate indifference to his medical needs.

Plaintiff was previously given notice of the deficiencies in his claim and the applicable legal standard, but was unable to amend to state a claim. Noll, 809 F.2d at 1448-49. The Court recommends dismissal of the claim with prejudice. Id.

### 3. Defendant McGuinness

While Plaintiff alleges that Defendant McGuinness denied a knee brace for Plaintiff, the record reflects that Plaintiff was provided with a knee brace. The Court recognizes that this may be a situation where Plaintiff disagrees with the medical recommendation as to the type of knee brace provided. Franklin, 662 F.2d at 1355; Mayfield, 433 F.2d at 874. However, at the screening stage, Plaintiff's allegations that the treating physician prescribed a metal knee brace which Defendant McGuinness refused to approve, resulting in pain and additional injury to the knee, is sufficient to state a cognizable claim for deliberate indifference to medical needs.

### B. Fourteenth Amendment Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Plaintiff's allegations that other inmates were provided with metal braces, canes and walkers while they were in prison fails to establish a group that is similarly situated, i.e. that other inmates in the SHU with the same injury as Plaintiff were provided with a metal knee brace. Additionally, Plaintiff has failed to show that Defendants acted with discriminatory intent or without a rational relationship to a legitimate state purpose by failing to provide him with a metal knee brace while he was confined in the SHU. Plaintiff was previously given notice of the deficiencies in his claim and the applicable legal standard, but was unable to amend to state a claim. Noll, 809 F.2d at 1448-49. The Court recommends dismissal of the claim with prejudice. Id.

**V.      Conclusion and Recommendation**

Plaintiff's second amended complaint sets forth a cognizable claim against Defendant McGuinness for deliberate indifference to medical needs, but does not state any other claims for relief under section 1983. Because Plaintiff has previously been notified of the deficiencies and given leave to amend, the Court recommends that the non-cognizable claims be dismissed, with prejudice. Noll, 809 F.2d at 1448-49. Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint, filed March 26, 2010, against Defendant McGuinness for deliberate indifference to medical needs;

2. Plaintiff's equal protection claim be dismissed, with prejudice, for failure to state a claim under section 1983; and

3. Defendants Johnson and Bondoc be dismissed, with prejudice, based upon Plaintiff's failure to state a cognizable claim against them.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 IT IS SO ORDERED.

Dated:     October 26, 2010

UNITED STATES MAGISTRATE JUDGE