1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ERIC MALLETT, | CASE NO. 1:07-cv-00721-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS AS TO DEFENDANT LOADHOLT, GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT MCGUINNESS, AND TO DISMISS ACTION, WITH PREJUDICE |
| v. | |
| J. McGUINNESS, et al., | |
| Defendants. | Docs. 42, 43 |
| _____/ | OBJECTIONS DUE WITHIN FIFTEEN DAYS |

### Findings and Recommendations

### I. Procedural Background and *Woods v. Carey*

On May 16, 2007, Plaintiff James Eric Mallett ("Plaintiff"), a state prisoner proceeding pro

se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging failure

to provide the type of knee brace Plaintiff requested. Doc. 1. On November 24, 2010, the Court

found a cognizable claim against Defendant J. McGuinness ("Defendant") for Eighth Amendment

deliberate indifference to serious medical need and dismissed all other claims and defendants. Doc.

28.[1]

---

[1] On April 20, 2012, Defendant filed a motion to dismiss Defendant Loadholt. Doc. 42. Defendant notes that Plaintiff did not name Loadholt in his second amended complaint and that all other claims and defendants were dismissed, with prejudice. Docs. 28, 42. Plaintiff did not file an opposition to the motion to dismiss Defendant Loadholt. Since the District Judge's order only found a cognizable claim against Defendant McGuinness and dismissed all remaining claims and defendants, Defendant Loadholt would also have necessarily been dismissed, with prejudice. Doc. 28.

1   On December 15, 2010, the Court issued a second informational order, advising Plaintiff that

2   Defendant may file a motion for summary judgment and how Plaintiff must oppose the motion in

3   order to avoid dismissal, pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). Doc. 31. On

4   April 30, 2012, Defendant filed a motion for summary judgment. Doc. 43. On May 23, 2012,

5   Plaintiff filed a motion to deny summary judgment, memorandum in opposition to the motion for

6   summary judgment, and a statement of facts. Docs. 46, 47, 48. On May 30, 2012, Defendant filed

7   a reply to Plaintiff's original opposition. Doc. 49.

8   On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for

9   opposing a defendant's motion for summary judgment should be issued contemporaneously when

10  a defendant files a motion for summary judgment, as opposed to a year or more in advance. *Woods*

11  *v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012). On July 23, 2012, the Court issued an amended second

12  informational order to Plaintiff, in accordance with *Woods*, and provided Plaintiff with twenty-one

13  (21) days to stand on his existing opposition or withdraw his opposition and file an amended

14  opposition. Docs. 50, 51. On August 13, 2012, Plaintiff filed an amended opposition to the motion

15  for summary judgment. Doc. 53. On August 20, 2012, Defendant filed an amended reply. Doc. 54.

16  On September 10, 2012, Plaintiff filed a "second opposition." Doc. 56.

17  **II. Legal Standard for Summary Judgment**

18  Summary judgment is appropriate when it is demonstrated that there exists no genuine issue

19  as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R.

20  Civ. P. 56(a). Under summary judgment practice, the moving party:

21      [A]lways bears the initial responsibility of informing the district court
        of the basis for its motion, and identifying those portions of "the
22      pleadings, depositions, answers to interrogatories, and admissions on
        file, together with the affidavits, if any," which it believes
23      demonstrate the absence of a genuine issue of material fact.

24  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the

25  burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made

26  in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"

27  *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing

28  party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec.*

1     *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence

2     of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is

3     required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery

4     material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475

5     U.S. at 586 n.11. In resolving the summary judgment motion, the Court examines the pleadings,

6     depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.

7     Fed. R. Civ. P. 56(c). Finally, to demonstrate a genuine issue, the opposing party "must do more than

8     simply show that there is some metaphysical doubt as to the material facts. Where the record taken

9     as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine

10     issue for trial.'" *Matsushita*, 475 U.S. at 587.

11     **III. Relevant Allegations in Plaintiff's Second Amended Complaint, Plaintiff's Statement of**

12     **Undisputed Facts, and Amended Opposition for Eighth Amendment Deliberate**

13     **Indifference against Defendant McGuinness**

14          At the time relevant to this case, Plaintiff was an inmate in the custody of the California

15     Department of Corrections and Rehabilitation ("CDCR") at California State Prison - Corcoran

16     ("CSP-Corcoran"). 2d Am. Compl. at 2-3, Doc. 21.[2]

17          On October 5, 2006, Plaintiff filed an inmate appeal, requesting a different knee brace. Pl.

18     Am. Opp'n at 18, Doc. 53.

19          On December 4, 2006, N. Loadholt, FNP, wrote a response to Plaintiff's appeal at the first

20     level of review. *Id.* at 19. Loadholt found "inmate was issued a knee brace on October 6, 2006,

21     evaluation by orthopedic will determine need for different knee brace pending recommendation."

22     *Id.*

23          On January 18, 2007, Defendant McGuinness issued a response at the second level of review.

24     *Id.* at 22-23; Pl. UF No. 6, Doc. 48. In the decision, Plaintiff's description of the problem was that

25     he has been in pain since February 23, 2006 and have been constantly denied the proper medical

26     attention he needs. *See* Pl. Am. Opp'n at 22, Doc. 53. He has been repeatedly told that he could not

27

28     [2] Plaintiff is now incarcerated at Kern Valley State Prison. Pl. UF No. 1, Doc. 48.

1    have the proper knee brace he needs to stop the knee from popping, grinding against bone, popping

2    out of place, and from going out on him when he walks. *Id.* The knee brace is being denied because

3    it is metal. *Id.* Plaintiff requested an operation and knee brace now. *See id.* The appeal response

4    found: "The department shall only provide medical services for inmates which are based on medical

5    necessity and supported by outcome data as effective medical care. In the absence of available

6    outcome data for a specific case, treatment will be based on judgment of the physician that the

7    treatment is considered effective for the purpose intended." *Id.* at 22-23; Pl. UF No. 6, Doc. 48.

8    Defendant McGuinness further noted that Plaintiff's medical documentation has been thoroughly

9    reviewed, that Plaintiff was seen on December 12, 2006, that Dr. Smith recommended that Plaintiff

10    have a "left knee scope," that Plaintiff has an appointment for a follow-up visit with his primary care

11    provider on January 24, 2007, and at that time, Plaintiff can discuss the need for a possible change

12    in the type of knee brace to be issued for his condition. *See* Pl. Am. Opp'n at 23, Doc. 53.

13        On June 14, 2007, Defendant McGuinness issued a second level appeal response stating,

14    "The ADA coordinator was contacted and stated that hinged knee braces are allowed in the security

15    housing unit if deemed medically necessary. A chrono for this knee brace has been generated, but

16    it is pending approval by the Chief Medical Officer." *Id.* at Pl. UF No. 7; *see also* Pl. Am. Opp'n at

17    35, Doc. 53. On June 29, 2007, nurse practitioner Bondoc filed a physician order and wrote, "chrono

18    - hinged knee brace and retrieve all old knee braces." *Id.* at Pl. UF No. 9. On July 2, 2007, Plaintiff

19    signed a medical supply / device chrono for a hinged knee brace. *Id.* at Pl. UF No. 11; *see also* Pl.

20    Am. Opp'n at 44, Doc. 53.

21                  **IV. Legal Standard and Analysis for Plaintiff's Claim**

22    **A. Eighth Amendment Deliberate Indifference to Serious Medical Need and Linkage**

23                       **1. Legal Standard**

24        "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

25    must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096

26    (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate

27    indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that

28    'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and

wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

1   Neither an inadvertent failure to provide adequate medical care, nor mere negligence or

2   medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper

3   treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v.*

4   *Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404,

5   407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates

6   every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). To

7   establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that

8   a physician or other health care provider exercising ordinary skill and care at the time of observation

9   would conclude with reasonable medical certainty that: (1) the prisoner's symptoms evidenced a

10  serious disease or injury; (2) the disease or injury was curable or could be substantially alleviated;

11  and (3) the potential for harm to the prisoner by reason of delay or denial of care would be

12  substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or

13  difference of opinion." *Id.* at 48; *see also Sanchez*, 891 F.2d at 242. In addition, gross negligence is

14  insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th

15  Cir. 1990). Plaintiff is not permitted to dictate his medical treatment. *Bowring v. Godwin*, 551 F.2d

16  44, 47-48 (4th Cir. 1977). As a matter of law, differences of opinion between prisoner and prison

17  doctors fails to show deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d

18  330, 332 (9th Cir. 1996).

19  Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See*

20  *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood*, 900 F.2d at 1334 (gross negligence

21  insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under

22  § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of

23  state officials; liability for negligently inflicted harm is categorically beneath the threshold of

24  constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The

25  Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care

26  (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an

27  Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate

28  indifference to a known risk to an inmate's serious medical condition.

**2. Analysis**

Plaintiff has not established a genuine issue of material fact for trial as to his claim against Defendant McGuinness for Eighth Amendment deliberate indifference.

Defendant McGuinness was involved in the appeal process. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The mere possibility of misconduct is insufficient to support a claim, *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009), and there is inadequate factual support for a claim that in denying his inmate appeals, defendants knew of and disregarded a substantial risk of harm to Plaintiff. *Farmer*, 511 U.S. at 837. Nevertheless, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. *Jett*, 439 F.3d at 1098.

On October 6, 2006, Plaintiff was issued a knee brace. *See* Pl. Am. Opp'n at 19, Doc. 53. Plaintiff subsequently filed two inmate appeals, requesting a different knee brace. *Id.* at 18, 30. On December 4, 2006, N. Loadholt, FNP, wrote a response to Plaintiff's appeal at the first level of review. *Id.* at 19. Loadholt found "inmate was issued a knee brace on October 6, 2006, evaluation by orthopedic will determine need for different knee brace pending recommendation." *Id.* On January 18, 2007, Defendant McGuinness issued a response at the second level of review. *Id.* at 22-23; Pl. UF No. 6, Doc. 48. Defendant McGuinness thoroughly reviewed Plaintiff's medical documentation and found that the particular knee brace was not a medical necessity; that Plaintiff was seen on December 12, 2006; that Dr. Smith recommended that Plaintiff have a "left knee scope;" that Plaintiff has an appointment for a follow-up visit with his primary care provider on January 24, 2007; and at that time, Plaintiff can discuss the need for a possible change in the type of knee brace to be issued for his condition. *Id.* at 22-23. On June 14, 2007, Defendant McGuinness issued a second level appeal response stating, "The ADA coordinator was contacted and stated that hinged knee braces are allowed in the security housing unit if deemed medically necessary. A chrono for this knee brace has been generated, but it is pending approval by the Chief Medical Officer." *Id.* at Pl. UF No. 7; *see also* Pl. Am. Opp'n at 35, Doc. 53. Plaintiff was issued a different knee brace

1  in July 2007. Pl. UF No. 11; *see also* Pl. Am. Opp'n at 44, Doc. 53. Thus, the undisputed facts

2  demonstrate that Defendant McGuinness did not willfully turn a "blind eye" to constitutional

3  violations. *Jett*, 439 F.3d at 1098.

4          Plaintiff's allegations may, at the most, amount to negligence, which is insufficient to hold

5  a defendant liable for <u>deliberate</u> indifference to a serious medical need, under the Eighth

6  Amendment. *See Estelle*, 429 U.S. at 105-06 (emphasis added). As a matter of law, <u>differences of</u>

7  <u>opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical</u>

8  <u>needs</u>. *Jackson*, 90 F.3d at 332 (emphasis added). Plaintiff fails to point to a dispute of fact for his

9  assertion of deliberate indifference to a serious medical need because that high standard requires that

10  the defendant actually *knew of and acted in conscious disregard* of a known serious risk. *Estelle*, 429

11  U.S. at 106; *McGuckin*, 974 F.2d at 1059.

12          Thus, even with liberal construction, Plaintiff's complaint and amended opposition to the

13  motion for summary judgment does not show deliberate indifference to a medical need because

14  neither mere negligence or medical malpractice, nor a mere delay in medical care, <u>nor a difference</u>

15  <u>of opinion over proper treatment</u>, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S.

16  at 105-06; *Sanchez*, 891 F.2d at 242; *Shapley*, 766 F.2d at 407 (emphasis added).

17          Plaintiff has not established a genuine issue of material fact for trial as to his claim against

18  Defendant for Eighth Amendment deliberate indifference.

19                          **V. Conclusion and Recommendation**

20          Plaintiff has "failed to point to 'specific facts' in the record that could 'lead a rational trier

21  of fact to find' in his favor. *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e))." *Beard*, 548

22  U.S. at 535. Accordingly, pursuant to Rule 56 of the Federal Rules of Civil Procedure, it is HEREBY

23  RECOMMENDED that the Court GRANT Defendant's Motion to Dismiss as to Defendant

24  Loadholt; GRANT Defendant's motion for summary judgment as to Defendant McGuinness; and

25  that this action be DISMISSED, with prejudice.

26  //

27  //

28  //

1    These Findings and Recommendations will be submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fifteen (15) days**

3    after being served with these Findings and Recommendations, the parties may file written objections

4    with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

5    Recommendations." A party may respond to another party's objections by filing a response within

6    **fifteen (15) days** after being served with a copy of that party's objections. The parties are advised

7    that failure to file objections within the specified time may waive the right to appeal the District

8    Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

9

10

11

12   IT IS SO ORDERED.

13

14   Dated:    November 6, 2012

                                            UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28